UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0275-TWP-DLP |
| | ) | |
| JERRY BUCKLEY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on September 27, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 3, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 3, 2022, defendant Jerry Buckley appeared in person with his appointed counsel, Sam Ansell. The government appeared by Samantha Spiro and Lindsay Karwoski, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ryan Sharp, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Buckley of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Buckley and his counsel, who informed the court they had reviewed the Petition and that Mr. Buckley understood the violations alleged. Mr. Buckley waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Buckley of his right to a preliminary hearing and its purpose. Mr. Buckley was advised of the rights he would have at a preliminary hearing. Mr. Buckley waived his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Buckley of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Evidentiary hearing held and the Court found that Mr. Buckley committed Violation Number 1 as set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon."** |

        On September 25, 2022, law enforcement officers were responding to a report of multiple gun shots fired at the location of a large block party. The officers headed toward the gun fire and entered an alley, where they observed a black male walking away from them holding a large black handgun. The officers ordered him to stop, drop the firearm, and and put his hands up. The male turned his head to look at the officer but continued to walk away. He eventually dropped the firearm and put his hands up. He continued to ignore commands to stop, and when he reached a street corner, he dropped the backpack he was wearing and took off running.

        As the scene was very active and there were still shots being fired in multiple directions, the officers did not chase after the suspect. They did take possession of the backpack and returned to where the firearm was dropped to secure it. The firearm was a Ruger 57, 5.7mm pistol. They also located three spent 5.77mm shell casings 10 yards away. The officers inventoried the backpack dropped by the suspect. Inside of the backpack, there were prescription pills prescribed to Jerry Buckley, a wallet containing $945 of US Currency, and an Indiana ID card belonging to Jerry Buckley. Using the ID, a detective discovered he was on federal supervision and contacted Senior U.S. Probation Officer Ryan Sharp. The detective provided several photos of the encounter with the suspect before and after he dropped the firearm.

6.     The parties and the USPO further stipulated that:

    (a)     The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b)     Mr. Buckley's criminal history category is I.

    (c)     The range of imprisonment applicable upon revocation of Mr. Buckley's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

7.     The parties jointly recommended a sentence of eight (8) months with thirty-six (36) months of supervised release to follow. Defendant requested placement at a facility closest to Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JERRY BUCKLEY, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with thirty-six (36) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.  Justification: This condition is an administrative requirement of supervision.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and for protection of the community.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify

the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the offender for protection of the community and is a requirement pursuant to federal law.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the offender maintains gainful employment and aid in reducing recidivism.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court. Justification: This condition is aimed at reducing recidivism and to monitor the offender for protection of the community.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing recidivism and for protection of the community.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and for protection of the community.

14. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment: mental health treatment, substance abuse testing and/or treatment. Justification: This condition will help the offender invest in his sobriety and rehabilitation.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will aid in addressing the offender's history of substance abuse.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will aid in addressing the offender's history of substance abuse.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will assist in ensuring the offender is compliant with a drug-free lifestyle.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption. Justification: This condition will aid in ensuring compliance with a drug-free lifestyle and the offenders rehabilitation.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation in monitoring the offender for protection of the community.

20. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will aid in addressing the offender's mental health, particularly the recent physical trauma involving the loss of his left hand.

Defendant Buckley reviewed the foregoing conditions with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

Counsel for the parties and Mr. Buckley stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Buckley entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Buckley's supervised release, imposing a sentence of imprisonment of eight (8) months with thirty-six (36) months of supervised release to follow. The Magistrate Judge makes a recommendation of placement at a facility closest to Indianapolis, Indiana. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 10/14/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system